UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RYAN SHAW,

Plaintiff,

v. Case No. 25-cv-0610-bhl

GABRIEL UMENTUM et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Ryan Shaw, a former prisoner at Fox Lake Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On September 1, 2026, the Court granted Defendants' summary judgment motion and dismissed this case. Thirty-one days later, on October 2, 2026, Shaw—who was no longer incarcerated—filed a motion to alter or amend the judgment. Under Fed. R. Civ. P. 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. Because Shaw did not file his motion within 28 days of the entry of judgment, Rule 60(b) applies. Under 60(b), a party may obtain relief from judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or misconduct. "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Peacock v. Board of School Comm'rs*, 721 F.2d 210, 213 (7th Cir. 1983) (citations omitted).

Shaw does not offer any basis that would satisfy the grounds articulated in Rule 60(b). Shaw highlights that the Court granted summary judgment in favor of Defendants after concluding that they were entitled to defer to the Building and Grounds Superintendent's directive that all vents to the outside be closed whenever there was a heat advisory. Shaw states that he provided evidence that the vents were also closed for one, four-day period when no heat advisory was in effect. According to Shaw, this single departure from the policy creates a question of fact regarding Defendants' motivation for closing the vents during heat advisories. It does not. While a pattern of closing the vents on days *without* heat advisories could plausibly suggest that the vents

were closed on days *with* heat advisories for reasons other than complying with the policy, a one-time departure from the policy could have occurred for any number of reasons and therefore is not sufficient to create a triable question of fact on the Defendants' motives. Moreover, Shaw presented no evidence of *who* closed the vents during that four-day period. There is no vicarious liability under §1983. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Accordingly, the mere fact that an unknown person closed the vents contrary to the policy is not evidence that others who closed the vents consistent with the policy did so for improper reasons.

**IT IS THEREFORE ORDERED** that Shaw's motion for reconsideration (Dkt. No. 39) is **DENIED**.

Dated at Milwaukee, Wisconsin this 8th day of October, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge